**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GREGORY O. GARMONG, | No. 12-15604 |
| Appellant, | D.C. No. 3:11-cv-00357-LRH-WGC |
| v. | |
| CHAPTER 7 TRUSTEE, | MEMORANDUM[*] |
| Appellee, | |
| LINDA L. GARMONG, | |
| Intervenor - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and BURNS, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Gregory Garmong appeals[1] the district court's order affirming the bankruptcy court's denial of an attempted trustee sale of Chapter 7 debtor Linda Garmong's limited life estate[2] in the former couple's home. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

When a debtor files a bankruptcy petition, the trustee acquires interests no greater than those held by the debtor. 11 U.S.C. § 541(d); *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997). Under the former couple's divorce agreement, Linda Garmong's limited life estate was not an equity interest,[3] and she was restricted from transferring her limited life estate to any party.[4] Linda Garmong's limited life estate only permitted her to occupy and possess the property. The bankruptcy court correctly concluded that the trustee did not have the power to transfer Linda Garmong's limited life estate to Gregory Garmong.

[1] The trustee did not appeal the bankruptcy court's denial of its Motion to Sell Limited Life Estate.

[2] Linda Garmong's limited life estate interest was created under the former couple's 2007 divorce agreement.

[3] The bankruptcy court denied an attempt to exempt Linda Garmong's limited life estate as a debtor's "dwelling" under Nev. Rev. Stat. § 21.090(1)(m), which requires an equity interest in the asset. Gregory Garmong owns the underlying property and it is not an asset of Linda Garmong's estate.

[4] While Linda Garmong had no ability to sell or transfer her limited life estate interest, the divorce agreement provided that Gregory Garmong had the right to purchase her limited life estate interest at any time for $250,000.

Even if Linda Garmong's limited life estate could be sold as an asset of her estate, the trustee did not investigate the asset's value,[5] and was not aware of the restrictions created by the former couple's divorce agreement. We do not defer to a trustee's business judgment where the trustee does not in fact exercise such judgment. *See In re Lahijani*, 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005). The bankruptcy court did not abuse its discretion when it determined that the trustee would improperly exercise its business judgment in selling Linda Garmong's limited life estate without any independent analysis of the factual or legal issues surrounding the asset.

**AFFIRMED**.

---

[5] The trustee was prompted to file the Motion to Sell Limited Life Estate by a letter from Gregory Garmong's counsel, which offered to pay the estate $2,500 and assume property maintenance obligations in exchange for termination of Linda Garmong's limited life estate.